UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jamie Janssen and Elizabeth Janssen,
individually and as parents and natural
guardians of Alex Janssen, a minor, and
Lauren Janssen, a minor; and Abby Janssen,

        Plaintiffs,

  v.

Minneapolis Auto Dealers Benefit Fund;
Brad Peterson, Trustee; Michael Stanzak,
Trustee; Mark Robins, Trustee; Thomas
Tweet, Trustee; Bill Ziembo, Trustee; and
Joyce Nerdahl, Trustee,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Case No. 04-3463 ADM/AJB

---

Max C. Ramsey, Esq., Rider Bennett, LLP, Minneapolis, MN, appeared for and on behalf of Plaintiffs.

David L. Hashmall, Esq., Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, MN, appeared for and on behalf of Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Plaintiffs Jamie Janssen, Elizabeth Janssen, Alex Janssen, Lauren Janssen, and Abby Janssen's (collectively, the "Plaintiffs") Motion for Award of Attorney's Fees and Costs [Docket No. 37]. In an Amended Order dated January 11, 2005 [Docket No. 36], this Court granted Plaintiffs' Motion for Partial Summary Judgment [Docket No. 11] and denied Defendants Minneapolis Auto Dealers Benefit Fund, Brad Peterson, Michael Stanzak, Mark Robins, Thomas Tweet, Bill Ziembo, and Joyce Nerdahl's (collectively, "Defendants") Motion to Dismiss and/or for Summary Judgment

[Docket No. 6]. Defendants appealed the Amended Order, which was affirmed by the Eighth Circuit Court of Appeals on May 19, 2006 [Docket No. 63]. During the appeals process, the instant Motion was stayed [Docket No. 60]. For the reasons set forth below, Plaintiffs' Motion for Fees and Costs is granted.

## II. DISCUSSION

Plaintiffs argue they are entitled to reasonable attorney's fees and costs under 29 U.S.C. § 1132(g)(1), which provides that in an Earned Retirement Income Security Act ("ERISA") case, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The Eighth Circuit has set forth a five factor test for determining whether an attonrey's fees and costs motion should be granted in an ERISA case:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Lawrence v. Westerhaus, 749 F.2d 494, 496 (8th Cir. 1984). These five factors are not to be mechanically applied, but rather are considered to be general guidelines. Martin v. Ark. Blue Cross & Blue Shield, 299 F.3d 966, 972 (8th Cir. 2002).

Here, the bulk of the five factors weigh in favor of an award of attorney's fees and costs. The Amended Order found that Defendants failed to adequately research whether the Plan's subrogation interest was time barred before suspending Plaintiffs' benefits; failed to timely provide Plaintiffs with reasons for the suspension as required by ERISA, failed to specifically reference plan provisions as required by ERISA, and failed to notify Plaintiffs of their appeal rights. Amended Order at 10-17. Whether these facts cumulatively amount to "bad faith" is a

close question; however, the sudden suspension of the entire family's benefits package is an aggravating factor. See, e.g., Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1329 (8th Cir. 1995). As to the second enumerated factor, there is no dispute that Defendants are able to satisfy an award of fees. The third factor, whether an award of attorney's fees against the opposing parties could deter other persons acting under similar circumstances, is unlikely to apply here. As to the fourth factor, application of the precedent created by Plaintiffs' case is sufficiently narrow that the monetary award is not likely to benefit persons beyond the Plaintiffs, although it can be argued that the result will encourage Defendants to more carefully review benefits claims in the future. Finally, as to the fifth factor, the merits of the parties' positions, supports an award. Plaintiffs have been granted judgment on their main ERISA count in this action and have been awarded essentially all the relief they sought. Considering the five factors in totality, an award of attorney's fees and costs to Plaintiffs is warranted. However, as not every factor weighs in favor of Plaintiffs, full recovery is not necessarily reasonable in this circumstance. As a result, the amount of hours and billing rate will be pro rated accordingly.

Plaintiffs have requested an award of $45,402.50 in attorney's fees, based on 165.10 hours billed at a rate of $275 per hour. Ramsey Aff. [Docket No. 40] Ex. A; Ramsey Supplemental Aff. [Docket No. 66] Ex. A. In Hensley v. Eckerhart, the Supreme Court noted that the facts of a case determine a reasonable award of attorney's fees. 461 U.S. 424, 429 (1983). The Supreme Court went on to hold that a starting point for a reasonable award is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433.

Here, the Plaintiffs have obtained an excellent result.  It should also be noted that Plaintiffs' attorney received attorney's fees in the amount of $31,000 from the Eighth Circuit Court of Appeals, as well as $339.89 in taxable costs.  In the instant case, Plaintiffs have requested $45,402.50 in attorney's fees and $226.80 in taxable costs.  The Court finds that an award of $35,000, representing attorney's fees, and an award of $226.80, representing taxable costs, is reasonable.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Award of Attorney's Fees and Costs [Docket No. 37] is **GRANTED**.  Defendants are ordered to pay $35,000 in attorney's fees and $226.80 in taxable costs.

BY THE COURT:


  s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 31, 2006.